Application of Henry L. PISTILLI.
Patent Appeal No. 8883.

United States Court of Customs
and Patent Appeals.
March 22, 1973.

Rehearing Denied April 26, 1973.

Andrew R. Klein, Philadelphia, Pa., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; John W. Dewhirst, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the examiner's rejection of claims 7, 8, 9 and 11 of appellant's application [1] entitled "Vibration Dampener Support for Lenticular Devices" as unpatentable over the prior art under 35 U.S.C. § 103. We affirm.

The claims on appeal are directed to a structure carried on the body of a user for supporting a camera or binoculars at eye level. The application states:

> An objective of this invention [is a support] which may allow the body to dampen some vibrations from outside the body but is also capable of dampening vibrations generated within the body such as those due to breathing.

Figure 1 of appellant's application drawing is illustrative of the invention.

Fig. 1

1. Serial No. 683,556 filed November 16, 1967.

The support includes a telescoping rod having upper and lower portions 13 and 10. The upper end of rod portion 13 is provided with a support or holder adapted to mount a "lenticular" device, which appellant defines as "a device capable of being focussed [sic] * * *," such as binoculars (shown) or a camera. Rod portion 10 terminates at its lower reduced end 14 in a ball 15 loosely fitted in a socket member 11. The socket member is riveted to a backing plate 18 which is supported on the user's belt 12 through structure including two flexible flaps 16 and 16a provided with snap fastener elements 17 for attachment to the belt. The rod is further supported at another point by a flexible band or strap 25 attached to a clamping collar 22 which is adjustable along rod portion 10 to a selected position or height above the belt. Appellant states in his brief:

[A] portion of the band 25 extends from a mid-point on the rod 10, over the shoulder of the user (thereby dampening vertical vibrations, since the band is under tension in that area) whereas a second band portion extends around some of the wearer's body under one arm on the side opposite the shoulder strap location (thus extending transversely across a portion of the chest to dampen lateral vibration).

In his application, appellant further states:

[I]t is believed to be within the scope of my invention or my broadest claim for two separate bands to be used, although the illustrated embodiment using only one band is preferred.

Claim 11, the sole independent claim on appeal, reads (with subparagraphing ours) as follows:

In an apparatus for supporting a lenticular device such as a camera or field glasses from the body without a tripod,

said apparatus including an upstanding belt-supported rod long enough to bring said device to about the level of the wearer's eyes

and including a first flexible band portion extending over a wearer's shoulder,

and a second band portion secured to said rod at a mid-portion, extending around some of the wearer's body under an arm on an opposite side of the wearer's body from the first mentioned band portion,

the combination therewith of the improvement for dampening vertical and lateral vibrations of said rod due to the wearer's body, said improvement including

each band portion being secured to said rod adjacent a mid-portion thereof,

the first band portion being secured to said rod at a small enough angle to oppose substantially some of the longitudinal vibrations in said rod,

the second mentioned band portion forming a much larger angle to said rod for opposing lateral vibrations in said rod,

whereby all vibrations of the wearer's body are opposed.

Dependent claims 7 and 8 recite additional features of the support for the lower end of the rod. Claim 9 adds to claim 11 a recitation of "yieldable" fastener means on the upper end of the rod that "clampingly" engages the lenticular device.

The board affirmed the rejection of claims 7, 8, 9 and 11 under 35 U.S.C. § 103 as obvious from Wheeler [2] alone or in view of Neuburger.[3]

Wheeler discloses a camera support similar to appellant's with a telescoping rod. The rod is pivotally mounted at its lower end on a support member attached to the user's belt and a band extending around the user's body furnishes additional support. The reference device differs from appellant's device as claimed primarily in that its support

2. U.S. Patent No. 817,207 issued April 10, 1906.

3. U.S. Patent No. 1,018,771 issued February 27, 1912.

band is secured to an upper portion of the rod instead of to its midportion.

Neuburger relates to a device for supporting field glasses on the body of the user. It shows clamping means at the end of a support rod for the field glasses, which means need be considered only with respect to appealed claim 9.

## OPINION

Both Wheeler and Neuburger disclose means similar to appellant's for supporting lenticular devices at the eye level of the user. The principal issue before us is whether modification of Wheeler to locate the point of attachment of the shoulder-underarm band at a midportion of the telescoping rod would have been obvious to a person having ordinary skill in the art. The board held that it would, stating:

> [T]he claimed and argued differences and alleged advantages in the attachment of the belt [(band)] ends at the mid-point of the rod, rather than at the point disclosed in Wheeler, involve an obvious redistribution of the weight to a more comfortable position and an obvious redistribution of forces according to elementary mechanics, without resulting in anything unobvious or unexpected.

The board further concluded:

> [T]he dampening of vibrations in Wheeler's and appellant's devices is primarily effected by the application of tension to the shoulder-underarm belt by forward movement of the rod, rather than by the exact angularity of the ends of said belt with the rod.

In reaching its ultimate conclusion of obviousness, the board considered an affidavit showing of appellant under Rule 132. That affidavit apparently purports to disprove the examiner's view that "the attachment of the strap means at the midpoint of the rod would [not] have any material [sic] different results over Wheeler." The board regarded the showing as unconvincing.

We find no error in the board's conclusions. The location of the strap attachment at a midpoint on the rod is, in our view, a structural choice which would have been obvious to one of ordinary skill in the art. Different people would be likely to find different locations of the strap more comfortable and any distinction in effects of the location of the attachment would appear to be obvious. We find nothing in the arguments or affidavit evidence to persuade us that any unobvious improvement in vibration effects would result from the use of the claimed device.

As to the yieldable clamping means for a lenticular device additionally recited in claim 9, we fully agree that Neuburger demonstrates that the use of that feature in Wheeler would be obvious.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.